**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4493**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

CARL ARMSTEAD JEFFERSON,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Henry E. Hudson, District Judge. (3:10-cr-00221-HEH-1)

Submitted: September 2, 2011     Decided: September 13, 2011

Before DUNCAN, KEENAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brian J. Grossman, CROWGEY, GROSSMAN & CASSIS, Richmond, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Michael A. Jagels, Special Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carl Armstead Jefferson was convicted of one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841 (2006), and one count of possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g) (2006). On appeal, he claims the district court erred by admitting evidence of the cocaine base when the chain of custody was not established. We affirm.

Under Fed. R. Evid. 901, the admission of an exhibit must be preceded by "evidence sufficient to support a finding that the matter in question is what its proponent claims." This rule is not intended to be "iron-clad" and is satisfied by "sufficient proof that the evidence is what it purports to be and has not been altered in any material respect[.]" United States v. Ricco, 52 F.3d 58, 61-62 (4th Cir. 1995). The rule is not intended to require exclusion of real evidence based on a missing link in its custody. Id. The ultimate question focuses on "whether the authentication testimony was sufficiently complete so as to convince the court that it is improbable that the original item had been exchanged with another or otherwise tampered with." United States v. Howard-Arias, 679 F.2d 363, 366 (4th Cir. 1982). Resolution of a chain of custody question rests with the sound discretion of the trial judge. Ricco, 52 F.3d at 61.

2

Jefferson acknowledges that under this court's existing law, the cocaine base was admissible. He contends, however, that had he been tried in a Virginia state court, the evidence would have most likely not been admissible. He urges this court to adopt Virginia's stricter rules regarding establishing the chain of custody.

This court has set forth the applicable law in this circuit regarding chain of custody issues. It is axiomatic that a panel of this court may not overrule the holding of a prior panel. See United States v. Collins, 415 F.3d 304, 311 (4th Cir. 2005). "[O]ur Constitution establishes a system of dual sovereignty between the States and the Federal Government." Gregory v. Ashcroft, 501 U.S. 452, 457 (1991). "Foremost among the prerogatives of sovereignty is the power to create and enforce a criminal code." Heath v. Alabama, 474 U.S. 82, 93 (2006). "Because crime is traditionally viewed as an offense against the sovereignty of the government, the power of punishment appertains to sovereignty, and may be exercised, whenever the sovereign has a right to act, as incidental to his constitutional powers[.]" United States v. Alvarado, 440 F.3d 191, 197 (4th Cir. 2006) (internal quotation marks and citation omitted). Furthermore, the district court does not have an inherent power "to develop rules that circumvent or conflict

3

with the Federal Rules of Criminal Procedure." Carlisle v. United States, 517 U.S. 416, 426 (1996).

The district court was without authority to adopt Virginia's rules applicable to establishing the chain of custody of controlled substances in criminal prosecutions. The district court properly recognized that under the holdings of this circuit, the chain of custody was sufficiently established and the challenged evidence was admissible.

Accordingly, we affirm the judgment of conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED